```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MORRIN           :     CIVIL ACTION
                             :
     vs.                     :
                             :     NO. 07-5527
TORRESDALE FRANKFORD COUNTRY :
CLUB and CHARLES SERAVALLI   :
```

**MEMORANDUM AND ORDER**

Joyner, J.                                          June 11, 2008

Before the Court is Defendant's Motion to Dismiss Counts II, V, VI (mislabeled Count V in Plaintiff's complaint) and claims for punitive damages from the plaintiff's complaint.  Count II alleges violation of the Anti-retaliation Provision of the Civil Rights Act of 1964.  Count V alleges breach of contract, and Count VI alleges breach of covenant of good faith and fair dealing.  For the reasons below, the Court GRANTS Defendant's motion to dismiss Counts V and VI and the claims for punitive damages.  The Court DENIES Defendant's motion to dismiss Count II.

**Factual Background**

The Plaintiff, Mr. Christopher Morrin, is a former employee of Defendant Torresdale Frankford Country Club ("TFCC").  Plaintiff began his employment with TFCC in 1968, and, with the exception of a one-year hiatus between 1985 and 1986, worked for TFCC until he was terminated on January 3, 2006.  Plaintiff was initially employed by TFCC as a busboy and was subsequently

promoted to bartender and then to Assistant Manager, allegedly in recognition of his outstanding performance.

In August 2001, Plaintiff received reports that members of TFCC had made anti-Semitic remarks in the presence of a Jewish Assistant Manager.  Plaintiff allegedly reported this behavior to then-Club President, Mr. Robert Rambo.  The offending members received formal warnings.  Allegedly, these formal warnings were a result of Plaintiff's report and placed their Club membership in jeopardy.

In August 2004, several female members of TFCC complained that a male TFCC member was harassing them and touching them inappropriately.  Plaintiff allegedly reported these complaints to President Rambo.

In November 2004, Mr. Charles Seravalli was elected President of TFCC, and in January 2005 he took office.  Both the club members implicated in the August 2001 incident and the club member implicated in the August 2004 incident were allegedly friends of Mr. Seravalli.  It is alleged that, immediately after Mr. Seravalli took office, he began making repeated and numerous threats to terminate Plaintiff's employment.  It is alleged that these threats were without cause.

In June 2005, Steven Seravalli, Mr. Charles Seravalli's son, engaged in threatening behavior and used profanity against several Club members.  Plaintiff reported these actions to House

Chairman James Carrick, which resulted in disciplinary action against Steven Seravalli.  A few months later on January 3, 2006, Defendant Seravalli terminated Mr. Torrin's long-standing employment with TFCC.

## **Discussion**

### **I.   Standards Governing 12(b)(6) Motions**

Granting a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  Buck v. Hampton Tp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006).  The Third Circuit has declined to limit the reach of the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) to the antitrust context.  Therefore, though this case does not fall within the antitrust context, the pleading standard here "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements.  Twombly, 127 S.Ct. 1955, 167 L. Ed. 2d 929, 75 U.S.L.W. 4337 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 232, 234 (3d Cir. 2008) (citations omitted).

### **II.  Analysis**

1.  *Breach of Contract/Breach of Covenant.*

We first review Defendant's motion to dismiss Count V

(breach of contract) and Count VI (breach of covenant).  There is a strong presumption of at-will employment in Pennsylvania. McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000); Carlson v. Community Ambulance Services, Inc., 824 A.2d 1228, 1232 (Pa. Super. Ct. 2003); Mathews v. Hermann, No. 07-01318, 2008 WL 1914781, at *17 (E.D. Pa. Apr. 30, 2008). In order to overcome the at-will presumption, a plaintiff must establish that one of the following exists: (1) an agreement that the employment relationship was to endure for a definite duration; (2) an agreement specifying that the employee will be discharged only for just cause; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception.  Luteran v. Loral Fairchild Corp., 688 A.2d 211, 370 (Pa. Super. Ct. 1997), Mathews, 2008 WL at *18 (citations omitted).

    In this case, Plaintiff Morrin attempts to overcome the at-will presumption by establishing that an agreement existed specifying that employees will only be discharged for just cause. Id.  However, Plaintiff's claim does not succeed because the "agreement" he points to is contained merely in the Defendant employer's by-laws.  Even if we analogize the by-laws to an employee handbook, it is a well-established principle of Pennsylvania law that an employee handbook or manual only forms the basis of an implied contract if the employee shows that the

employer affirmatively intended it to do so, thereby supplanting the at-will rule.  Bauer v. Pottsville Area Emergency Med. Serv., 758 A.2d 1265, 1269 (Pa. Super. Ct. 2000); Fralin v. C and D Security, Inc., No. 06-2421, 2007 WL 1576464, at *4 (E.D. Pa. May 30, 2007).  To overcome the at-will presumption, a plaintiff must *a fortiori,* allege the proper elements of a breach of contract claim to prevail on that claim: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.  Spadoni v. Easton Area School Dist., No. 07-5348, 2008 WL 2169525, at *3 (E.D. Pa. May 23, 2008), citing Temple Univ. Hosp., Inc. V. Group Health, Inc., No. 05-102, 2006 WL 146426, at *6 (E.D. Pa. Jan. 12, 2006).

Here, Plaintiff Morrin fails to allege that Defendant affirmatively intended that Article IV, Section 2 of the by-laws form the basis of an implied contract between Defendant and Plaintiff Morrin.  Nor does he allege the requisite first two elements required for a breach of contract claim: (1) the existence of a contract, including its essential terms; and (2) a breach of a duty imposed by the contract.  Spadoni, 2008 WL at *3.  Thus, Defendant's motion to dismiss Count V (breach of contract) and Count VI (breach of covenant) is therefore

granted,[1] albeit with leave to file an amended complaint should Plaintiff believe that he can allege the requisite facts to adequately plead claims for relief under these theories.

   *2. Punitive Damages.*

We now review Defendant's motion to dismiss the plaintiff's demand for punitive damages.  Punitive damages are penal in nature and " . . . not for the purpose of providing additional compensation."  Hart v. O'Malley, 781 A.2d 1211, 1217 (Pa. Super. Ct. 2001) (citations omitted).  "Punitive damages are appropriate only if the actor's conduct was malicious, willful, oppressive, or exhibited reckless indifference to the rights of others."  Id. Under Pennsylvania law, punitive damages are awarded to punish a defendant for "outrageous conduct," which is defined as an act which, in addition to creating actual damages, also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiff's rights.  Restatement (Second) of Torts § 908, Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3d Cir. 1997); Snead v. Society for Prevention of Cruelty to Animals, 929 A.2d 1169, 1184 (Pa. Super. Ct. 2007). Both intent and reckless indifference constitute sufficient mental states to support an award of punitive damages.  Id.

---

[1] Breach of the covenant of good faith and fair dealing is a breach of contract action in Pennsylvania: "Pennsylvania does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing." Spadoni, 2008 WL at *3, citing Temple Univ. Hosp., 2006 WL 146426 at *5.

6

In this case, Plaintiff alleges that Defendant's termination of Plaintiff was willful and unlawful, but does not specifically allege the elements required for the award of punitive damages under any theory.  Therefore, Defendant's motion to dismiss Plaintiff's claims for punitive damages is also granted with leave for Plaintiff to amend his complaint in the event that Plaintiff is able to marshal sufficient facts to support such a claim in accordance with Fed.R.Civ.P. 11.

   *3. Retaliation Claim.*

We now review Defendant's motion to dismiss Count II which asserts a claim for relief under the retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a). In general, to establish a prima facie retaliation claim, an employee must show: (1) engagement in a protected employee activity and (2) adverse action by the employer either after or contemporaneous with the employee's protected activity.  If the employee is able to establish these elements, the burden shifts to the employer to advance a legitimate, nonretaliatory reason for its adverse employment action. Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir. 2003).  Because Plaintiff's claim was brought under the Civil Rights Act of 1964, we add that to establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) he engaged in conduct protected by Title VII; (2) after or contemporaneous with

7

engaging in that conduct, his employer took an adverse action against him; (3) the adverse action was "materially adverse;" and (4) there was a causal connection between his participation in the protected activity and the adverse employment action.  Hare v. Potter, 220 Fed. Appx. 120, 127 (3d Cir. 2007).  To establish a causal connection between an employee's protected activity and an employer's adverse action, a plaintiff must prove either that: (1) an unusually suggestive temporal proximity exists between the protected employee activity and the adverse action, or (2) there is a pattern of antagonism coupled with timing.  In the absence of proof of either (1) or (2), a plaintiff must show that the "evidence gleaned from the record as a whole infers causation." Griesbaum v. Aventis Pharmaceuticals, No. 06-4569, 2007 WL 4480624, at *466-67 (3d Cir. Dec. 24, 2007) (citations omitted), Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007).

   Defendant employer claims that the elapsed period of five months between Plaintiff's alleged protected activity and Plaintiff's termination is not a temporal proximity "unusually suggestive" of a retaliatory motive, and that Plaintiff fails to establish a "pattern of antagonism" after the alleged incident which occurred in June 2005.  Defendant points to two Third Circuit opinions in which the Court does not find a causal connection between the protected employee activity and the

employer's adverse action.  See Walsh v. Wal Mart Stores, Inc., No. 05-3584, 2006 U.S. App. LEXIS 24680, at *7-9 (3d Cir. 2006) (the mere fact that the adverse employer action occurred after the protected employee activity was insufficient to establish causation and the passage of eight months between the protected employee activity and the adverse employer action was not unusually suggestive of retaliatory motive), and Bailey v. Commerce National Insurance Services, Inc., No. 07-1777, 2008 U.S. App. LEXIS 4415, at *7 (3d Cir 2008) (the elapsed period of four months between the protected employee activity and the adverse employer action was not unusually suggestive of retaliatory motive).  Defendant suggests that these cases show that the Court has established specific requirements with respect to unusually suggestive temporal proximity and patterns of antagonism.  (Defs. Mot. To Dismiss Pl.'s Compl. 6).  However, what these cases actually highlight is that the Third Circuit has declined to establish a bright line rule dictating a specific amount of time or a specific factual scenario which must be present in order for the court to find an "unusually suggestive temporal proximity" or a "pattern of antagonism."  Furthermore, Defendant fails to acknowledge Plaintiff's opportunity to show that the evidence gleaned from the record as a whole is sufficient for the trier of fact to infer causation.  The Court expressly stated the appropriateness of considering the record

9

holistically in a retaliation claim in Griesbaum: "[i]n the absence of [proof of unusually suggestive temporal proximity or a pattern of antagonism], the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." 2007 WL at *467 (citations omitted). The Court's treatment of the evidence supporting the claims in both Griesbaum and Marra is illustrative of its fact-sensitive, case-specific approach to retaliation claims.

A trier of fact could infer causation from Plaintiff Morrin's evidentiary record. Plaintiff alleges that he engaged in protected employee activities on three occasions. On each occasion, Plaintiff reported inappropriate behavior of TFCC members, all of whom were allegedly close friends or family members of the TFCC supervisor responsible for terminating Plaintiff's employment. Plaintiff's protected activities occurred prior to his termination. Plaintiff alleges that his supervisor at TFCC began making threats to terminate him immediately after that supervisor assumed his position in January 2005, and did terminate Plaintiff in January 2006. The supervisor's threats and the termination constitute the alleged adverse employer action. Plaintiff further alleges facts regarding the length of his employment and the exemplary quality of his performance at TFCC. Given the Third Circuit's fact-sensitive, case-specific approach to retaliation claims, we find

that the plaintiff has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence of causation. See Phillips, 515 F.3d at 234. We therefore deny Defendant's motion to dismiss Count II.

An order follows.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MORRIN              :    CIVIL ACTION
                                :
     vs.                        :
                                :    NO. 07-5527
TORRESDALE FRANKFORD COUNTRY    :
CLUB and CHARLES SERAVALLI      :
```

### ORDER

AND NOW, this 11th day of June, 2008, upon consideration of Defendants' Motion to Dismiss (Document No. 7) and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and Counts V and VI and Plaintiff's demand for punitive damages are DISMISSED with leave to re-plead if appropriate by filing an Amended Complaint within twenty (20) days of the date of this Order.

In all other respects, the motion is DENIED.

```
                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,     J.
```